4/5/2017 4:29:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16294870
By: LISA COOPER
Filed: 4/5/2017 4:29:33 PM

CAUSE NO. 2017-06893

| | | |
|---|---|---|
| GINA FRIAS AND ROY ROMERO | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| VERONICA SMITH and THE CSI COMPANIES, INC., | § § § | |
| *Defendants.* | § | 157th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION
### AND REQUEST FOR DISCLOSURE

COMES NOW, Gina Frias and Roy Romero ("Plaintiffs") file this Plaintiffs' First Amended Petition & Request for Disclosure against Veronica Smith and The CSI Companies, Inc. ("Defendants"), and respectfully shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Discovery Control Plan Level Three of the Texas Rules of Civil Procedure and requests the Court to enter an Order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this specific case.

### II. PARTIES

2. Plaintiffs, Gina Frias and Roy Romero, are individuals and a resident of South Houston, Harris County, Texas.

3. Defendant, Veronica Smith ("Defendant Smith"), is an individual, who is believed to have had a temporary resident here in Houston, Harris County, Texas and did so at the time of the incident and may be found at her place of residence at

17247 Fairview Drive, LaGrange, Ohio 44050. Defendant Smith may be served by mailing a copy of the citation, with a petition attached, to defendant at that address by certified mail, return receipt requested, delivery restricted to addressee and/or by the sheriff, constable or other authorized person of Lorain County, State of Ohio, by personally serving Defendant at that address.

4.  Defendant, The CSI Companies, Inc. ("Defendant CSI"), is a foreign corporation organized and existing under the laws of the State of Florida, whose principle place of business is located at 9995 Gate Parkway North, Jacksonville, Florida 32246 and have registered agent of National Corporate Research, Ltd., Inc. at 115 North Calhoun St., Suite 4, Tallahassee, Florida 32301. Defendant may be served by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as Defendant's agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas.

## III. JURISDICTION AND VENUE

5.  This Court has jurisdiction over this cause, as the amount in controversy and damages sought by Plaintiffs exceed the minimum jurisdictional limits of this Court.

6.  The Court has jurisdiction over Defendant Smith, a nonresident, because Defendant Smith purposefully availed herself of the privileges and benefits of conducting business in Texas by committing a tort, which is the subject of this suit, in whole or in part in Houston, Harris County, Texas, as described more fully below.

7.  The Court has jurisdiction over Defendant CSI, a nonresident, because

Defendant CSI engaged in business in Texas by contracting with one or more local Texas hospitals to staff them with employees, such as Defendant Smith. The contract was performed in whole or in part in Houston, Harris County, Texas by both parties. Additionally, this Court has jurisdiction over Defendant CSI because they committed a tort, which is the subject of this suit, in whole or in part in Texas.

8. Venue is proper in Harris County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## IV. FACTS

9. This is an automobile collision case, and this lawsuit is necessary because of personal injuries Plaintiffs sustained on or about Thursday, July 21, 2016.

10. On the date in question, Plaintiffs were travelling on Gulf Freeway Road at the intersection with and Airport Boulevard/College Avenue in the middle lane beginning to turn left at the time of the incident.

11. Upon information and belief, Defendant Smith was travelling in the lane left of the Plaintiffs at the same intersection. Defendant Smith was in a left turn only lane. Upon information and belief Defendant Smith either attempted to go straight when not allowed or made a turn left in to Plaintiffs' lane of traffic causing impact, damage and injuries.

12. Defendant Smith was in the course and scope of her employment through Defendant, The CSI Companies, Inc., at the time of the incident and was operating a

rental vehicle paid for by The CSI Companies, Inc. as well. Defendant CSI is responsible for the actions of their employee at the time of the collision.

13. Defendants' conduct proximately caused Plaintiffs' injuries and damages.

## V. CAUSES OF ACTION

### A. Negligence

14. All allegations herein are incorporated by reference.

15. Defendant Smith operated her vehicle in a negligent matter. Defendant Smith had a duty to exercise ordinary care and operate her vehicle in a reasonable and prudent manner. Defendant Smith failed control her vehicle and failed to maintain her lane of travel and was further distracted while driving her vehicle causing her to impact Plaintiffs' vehicle.

16. The foregoing acts and omissions constitute negligence on the part of Defendant, which thereby renders Defendants responsible for Plaintiffs' damages, and Plaintiffs seek to recover such damages from Defendants.

### B. Vicarious Liability

17. Pursuant to Texas State law, Plaintiffs plead a cause of action against Defendant CSI for vicarious liability. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein as set forth verbatim.

18. At the time of the incident in question, and at all times relevant to the lawsuit, Defendant Veronica Smith was an agent, servant, and employee of Defendant CSI, and, at the time of the incident in question, Defendant Smith was acting in the

course and scope of her authority as an agent, servant, and employee of Defendant CSI while driving a rental car provided by them through Enterprise Rent-a-Car.

19. At all times, Defendant CSI had the right to control Defendant Smith's conduct and the details of her work. Defendant Smith was acting within her general authority, in furtherance of Defendant CSI's business, and for the accomplishment of the object for which she was hired. Thus, Defendant CSI, under a theory of respondeat superior, is vicariously liable for the acts and omissions of Defendant Smith, who was employed by or in an agency or contractual relationship with Defendant CSI at all times material to this matter, and Plaintiffs hereby invoke the doctrines of agency, respondeat superior, ostensible agency, and/or agency by estoppel with respect to that relationship. Such acts and/or omissions include those identified in all paragraphs above.

20. Specifically, at all times material to this matter, Defendant CSI's employee, Defendant Smith, was operating in her capacity and authority as an employee, agent, or representative of Defendant CSI. Defendant Smith was acting in furtherance of Defendant CSI's business and for the accomplishment of the object for which she was hired. Plaintiffs hereby invoke the doctrines of agency, respondeat superior, ostensible agency, and/or agency by estoppel with respect to those relationships.

C. Negligence Per Se

21. All allegations herein are incorporated by reference.

22. Defendants, through their acts and omissions, were negligent as a matter of law at the time of Plaintiffs' injuries, and such negligence was the proximate cause

of the incident and injuries in question. Defendants were negligent as a matter of law due to their violations of the Texas Transportation Code § 545.401, et seq. Plaintiffs belong to the class of persons the statute was designed to protect; Plaintiffs' injuries are of the type the statute was designed to prevent; the statute is one for which tort liability may be imposed when violated; Defendants violated the statute without excuse; and Defendants' acts and omissions proximately caused Plaintiffs' injuries. Therefore, Defendants' actions under the circumstances constitute negligence *per se*. Specifically, Defendants:

(a) Operated a motor vehicle with a willful and wanton disregard for the safety of persons and property, thereby violating Texas Transportation Code §545.401(a)

(b) Recklessly engaged in conduct that placed another in imminent danger of serious bodily injury, thereby violating Texas Transportation Code § 545.421(d);

(c) Failed to take proper evasive action to avoid a collision, thereby violating Texas Transportation Code § 545.401;

(d) Failed to maintain a proper lookout that a person of ordinary prudence would have maintained under the same or similar circumstances, thereby violating Texas Transportation Code § 545.401;

(e) Failed to maintain an assured clear distance between their vehicle and Plaintiffs' vehicle so that, considering the speed of the vehicles, traffic, and the conditions of the road, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the road, thereby violating Texas Transportation Code § 545.062(a).

23. The foregoing acts and omissions constitute negligence *per se* on the part of Defendants, which thereby renders Defendants responsible for Plaintiffs' damages, and Plaintiffs seek to recover such damages of and from Defendants.

### D. Apparent Agency

24. All allegations herein are incorporated by reference.

25. At the time of the collision, and at all times relevant to this lawsuit, Defendant Smith was an agent of Defendant CSI and was acting within the course and scope of her authority as an agent of Defendant CSI. Specifically:

   (a) Defendant Smith's actions were benefiting Defendant CSI;

   (b) Defendant CSI authorized Defendant Smith's activities on the day of the collision;

   (c) Defendant CSI authorized and controlled the time, place, and manner of Defendant Smith's activities; and

   (d) Defendant Smith's activities were motivated by a desire to benefit Defendant CSI.

26. Because Defendant Smith's actions were performed within the course and scope of her agency with Defendant CSI, Defendant CSI is vicariously liable for Defendant Smith's actions via the doctrine of apparent agency, thereby imputing Defendant Smith's negligence, as described in greater particularity above, upon Defendant CSI.

27. Defendant CSI is responsible for the damages and injuries suffered by Plaintiffs in this case, and Plaintiffs seek to recover such damages of and from Defendant CSI.

## VI. DAMAGES

28. As a direct and proximate result of Defendants' aforementioned acts and omissions, Plaintiffs sustained severe injuries to their body, which resulted in physical pain, mental anguish, and other medical problems, expenses, and economic

damages, both in the past and in the future. Plaintiffs are therefore entitled to recover the following legal damages:

(a) Medical care and expenses sustained in the past: Plaintiffs incurred these expenses for the necessary care and treatment of the injuries resulting from the collision complained of herein, and such charges are reasonable and were usual and customary charges for such services in Texas.

(b) Medical care and expenses that, in all reasonable probability, Plaintiffs will sustain in the future;

(c) Physical pain, suffering, and mental anguish sustained in the past;

(d) Physical pain, suffering, and mental anguish that, in all reasonable probability, Plaintiffs will sustain in the future;

(e) Physical impairment sustained in the past;

(f) Physical impairment that, in all reasonable probability, Plaintiffs will continue to have in the future;

(g) Lost wages in the past;

(h) Lost earning capacity; and

(i) Punitive damages.

29. All of Plaintiffs' injuries and damages as set forth herein were proximately caused by the negligence of Defendants.

30. The amounts of Plaintiffs' damages are substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage in the past and future, including pain, suffering, impairment, and mental anguish cannot be determined with mathematical precision. The determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiffs would rather the jury decide what amount of money would fairly and reasonably compensate

Plaintiffs for the damages and injuries proven at the time of trial. However, Defendants may utilize Rule 47 of the Texas Rules of Civil Procedure to force Plaintiffs to state a maximum amount of money claimed. While trusting the jury to determine this issue, pursuant to Texas law, under Rule 47, Plaintiffs seeks unliquidated damages within the jurisdictional limits of this Court in an amount no less than $100,000.00 and not more than $200,000.00 from Defendants. However, if the jury chosen in this case should determine that a larger sum would be appropriate to compensate Plaintiffs for their injuries and damages, Plaintiffs reserve the right to file an amended pleading or move for a trial amendment to carry out the will of the jury as is her right under the United States and Texas Constitutions. Plaintiffs further seeks such other and further relief to which she may be entitled to at law or in equity.

## VII. JURY DEMAND

31. Plaintiffs request a trial by jury pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure.

## VIII. REQUEST FOR ELECTRONIC SERVICE

32. Plaintiffs request that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon her attorneys. Plaintiffs' attorneys hereby affirm awareness of the right to later rescind this agreement by filing notice.

## IX. REQUEST FOR DISCLOSURE

34. Plaintiffs request that Defendants produce responses to the Requests for Disclosure pursuant to Rule 194.2 (a) – (l) of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Gina Frias and Roy Romero, respectfully prays that Defendants, Veronica Smith and The CSI Companies, Inc., be served and cited to appear and answer herein, and that upon final trial of this cause, Plaintiffs be awarded judgment against Defendants for the above described compensatory damages in the full amounts allowed by law, together with pre-judgment and post-judgment interest, costs of court, and all such other and further relief, both at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE LOWENBERG LAW FIRM, PLLC

By: /s/ Michael J. Lowenberg
MICHAEL J. LOWENBERG
Texas Bar No. 24001164
Mike@thetexastriallawyers.com
ANDREW D. KUMAR
Texas Bar No. 24075913
andrew@thetexastriallawyers.com
7941 Katy Freeway – Suite 306
Houston, Texas 77024
Telephone: 1-832-241-6000
Facsimile: 1-832-241-6001

**ATTORNEYS FOR PLAINTIFFS**
Gina Frias and Roy Romero